EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN CANTRE, acusado y apelante.

Núm. 6656.—*Sometido:* Julio 20, 1937. *Resuelto:* Julio 31, 1937.

*E. Martínez Avilés,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Juan Cantre fué acusado por el Fiscal del Distrito de Arecibo de haber seducido bajo promesa de matrimonio a la joven soltera, de previo carácter casto y hasta entonces reputada por pura, Florencia Maisonet Ríos. Hizo alegación de no culpable y juzgada su causa por un jurado, fué decla-

rado culpable. Al proceder la corte a dictar como dictó su sentencia, ocurrió lo que sigue:

"En el día de hoy 24 de septiembre de 1935 el acusado compareció asistido de su abogado. La Corte le instruyó sobre el procedimiento seguido en su caso y el veredicto del jurado y le interrogó si tenía algo que decir para que no se dictara sentencia. Entonces el acusado manifestó que se le permitiere presentar la declaración de la perjudicada y de dos testigos más sobre ciertos extremos tendentes a que el Juez fuera benigno en la imposición de la pena, la Corte accedió a ello y después de oír dicha declaración pasa a dictar sentencia en la forma siguiente:

"En este caso de SEDUCCIÓN el acusado manifestó el día del juicio que él estaba dispuesto a casarse y la perjudicada en la silla testifical manifestó que ella no deseaba casarse, alegando que él tenía amores con otra, y la corte al instruir al jurado, le indicó que si bien el Código Penal dispone que el matrimonio de las partes con prioridad al juicio, será suficiente para evitar la continuación del proceso, no obstante la manifestación que había hecho el acusado en el juicio era algo tardía y el juez estaba obligado a decir que el caso fuera al jurado tal como se desprendía de la evidencia.

"Ahora bien, al imponer la pena el Juez de esta Corte tiene que considerar que si el acusado realmente engañó a la perjudicada ofreciéndole promesa de matrimonio para conseguir el acto carnal, y si ese engaño constituye un elemento de ultraje a la dignidad de la perjudicada, el arrepentimiento de dicho acusado queriendo subsanar su mal aún cuando sea tardío desde el punto de vista legal, coloca a esta Corte en la situación de juzgar con humanidad el caso, sobre todo si la perjudicada se niega enfáticamente a unirse legalmente al hombre que le causó el perjuicio motivo del delito.

Por tanto, la corte considerando las circunstancias del caso impone al acusado solamente la pena de cuatro (4) meses de presidio. que deberá cumplir en la Penitenciaría de Puerto Rico."

No conforme Cantre, apeló. Señala en su alegato dos errores, uno cometido al negarse la corte a trasmitir al jurado cierta instrucción y el otro al apreciar la prueba.

██ He aquí la instrucción no trasmitida:

"Que si bien es cierto que el fiscal no está obligado a solicitar el archivo y sobreseimiento del caso por el hecho de que el acusado desee casarse y la perjudicada se niegue a ello, sin embargo, es una

defensa buena y meritoria la del acusado al manifestar sus deseos de contraer matrimonio.''

Negándose la corte a trasmitirla porque ''en la forma como se solicita la instrucción no puede darla y encuentra que el extremo está comprendido en sus instrucciones al jurado.''

Sus instrucciones lo fueron en el sentido que hizo constar al dictar su sentencia.

Al argumentar el apelante su primer señalamiento de error no cita jurisprudencia, doctrina o precedente alguno en apoyo de su contención, limitándose a transcribir el artículo 262 del Código Penal que prescribe que:

''Artículo 262.—El matrimonio de las partes, celebrado con prioridad al juicio, bastará para impedir todo proceso por infracción del precedente artículo.''

La ley no habla de disposición por parte del acusado para celebrar matrimonio, sino de matrimonio celebrado. Creemos que la corte interpretó la ley correctamente y tomó en consideración la circunstancia concurrente en el momento oportuno a los efectos de mitigar la pena.

█ El segundo señalamiento se basa en que uno de los elementos esenciales del delito no se probó con la mejor evidencia, ya que la perjudicada en el acto del juicio negó que el acusado le prometiere casarse con ella.

Así sucedió en efecto. La perjudicada que antes del juicio había declarado que el acusado le había prometido casarse con ella, en el juicio repetidamente dijo que el acusado no le hizo promesa alguna y su declaración en el juicio es el único testimonio a considerar finalmente, sujeto desde luego a la contradicción que del mismo hiciera el fiscal, de acuerdo con lo dispuesto en los artículos 243 y 245 del Código de Enjuiciamiento Criminal, a saber:

''Artículo 243.—A la parte que presente un testigo, no le es permitido impugnar su veracidad probando que es persona de mala reputación; pero podrá contradecirlo, aduciendo pruebas en contrario, y demostrar que en ocasiones anteriores, ha hecho manifestaciones que no concuerdan con su actual declaración.''

**150**

"Artículo 245.—También puede ser impugnada la veracidad de un testigo por medio de prueba que demuestre que en ocasiones anteriores ha hecho manifestaciones que no concuerdan con su actual declaración; pero antes de hacerlo, se le referirán dichas manifestaciones, con expresión de la época, lugares y personas que hubieren estado presentes al hacerlas, y se le preguntará si dichas manifestaciones fueron hechas por él, permitiéndosele que las explique, si contestare afirmativamente. Si las manifestaciones fueren escritas, se enseñarán al testigo antes de interrogarle acerca de ellas."

Si del testimonio de la perjudicada hubiera dependido únicamente la comprobación de la promesa de matrimonio, se hubiera impuesto la absolución del acusado. Pero no fué así. Dos testigos, Enriqueta y María Ríos, madre y abuela, respectivamente, de la perjudicada, declararon de modo explícito sobre la existencia de la promesa de matrimonio y el jurado las creyó. Existió prueba, pues, sobre el particular.

No habiéndose en tal virtud cometido los errores señalados, *debe declararse el recurso sin lugar y confirmarse la sentencia apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.